1   Paul R. Kiesel, Esq. (SBN 119854)
2   kiesel@kbla.com
    **KIESEL BOUCHER LARSON LLP**
3   8648 Wilshire Boulevard
4   Beverly Hills, CA 90211
    Telephone: (310) 854-4444
5   Facsimile:  (310) 854-0812

6
    **HORWITZ, HORWITZ &**
7   **PARADIS, Attorneys at Law**
8   Paul O. Paradis, Esq.
9   Gina M. Tufaro, Esq.
    Mark A. Butler, Esq.
10  570 7th Avenue, 20th Floor
11  New York, NY 10018
    Telephone: 212/986.4500
12  Facsimile: 212/986-4501

13

14              **UNITED STATES DISTRICT COURT**

15          **NORTHERN DISTRICT OF CALIFORNIA**

16

| | |
|---|---|
| **DAVID GOLDBLATT,** individually and on behalf of all others similarly situated, | **CASE NO.: CV 11-05779-LHK** |
| **Plaintiff,** | **STIPULATION AND ORDER REGARDING DEADLINE TO RESPOND TO COMPLAINT [MODIFICATIONS BY THE COURT ARE UNDERLINED]** |
| v. | |
| **HEWLETT-PACKARD COMPANY,** **A Delaware Corporation.** | |
| **Defendant.** | |

17
18
19
20
21
22
23
24
25
26
27
28

---

1
**STIPULATION REGARDING CERTAIN DEADLINES**

1   **WHEREAS**, Plaintiff David Goldblatt ("Plaintiff") filed a class action

2   complaint (the "Complaint") against Hewlett-Packard Company ("Defendant") on

3   December 1, 2011 in which Plaintiff asserted claims regarding the software (the

4   "Software") installed on certain printers manufactured by Defendant (the

5   "Printers");

6   **WHEREAS**, Defendant's answer or motion to dismiss the Complaint is

7   currently due on December 29, 2011;

8   **WHEREAS**, Plaintiff has indicated to Defendant that Plaintiff intends to

9   serve upon Defendant, pursuant to California Civil Code Section 1782(a) ("Section

10  1782(a)"), a letter (the "CLRA Letter") requesting that Defendant satisfy Plaintiff

11  and the Class' demands regarding the Software and the Printers (the "Demands");

12  **WHEREAS**, pursuant to Section 1782(a), Defendant is afforded 30 days to

13  respond to the CLRA Letter;

14  **WHEREAS**, Plaintiff has further indicated to Defendant that, in the event

15  that Defendant does not satisfy the Demands, Plaintiff presently intends to file an

16  amended complaint (the "Amended Complaint") to assert, among other things, a

17  claim for monetary damages under California Civil Code § 1770;

18  **WHEREAS**, in order to streamline the process for Defendant to respond to

19  the CLRA Letter, the filing of a possible Amended Complaint in the event that

20  Defendant does not satisfy the Demands, and Defendant's response thereto, the

21  Parties have met and conferred regarding a proposed schedule;

22  **WHEREAS**, neither party has sought any previous time modifications;

23  **WHEREAS**, the stipulated schedule sought herein will not affect the

24  schedule for the parties' Case Management Conference, which has been set by the

25  Court.

26  **ACCORDINGLY, IT IS HEREBY STIPULATED AND AGREED**

27  **THAT**:

28  1.      Defendant need not answer or otherwise respond to the Complaint.

2

**STIPULATION REGARDING CERTAIN DEADLINES**

1    2.    Plaintiff will serve the CLRA Letter upon Defendant by no later than

2  **December 23, 2011**.

3    3.    Defendant shall inform Plaintiff as to whether Defendant will meet the

4  Demands set forth in the CLRA Letter by no later than **January 23, 2011**.

5    4.    In the event that Defendant does not agree to meet the Demands set

6  forth in the CLRA Letter, Plaintiff shall file the Amended Complaint by no later

7  than **February 3, 2012**.

8    5.    Defendant's answer or motion to dismiss the Amended Complaint

9  shall be filed by no later than **March 2, 2012**.

10    6.    Plaintiff's opposition to Defendant's motion to dismiss shall be filed

11  by no later than **March 30, 2012**.

12    7.    Defendant's reply in further support of its motion to dismiss shall be

13  filed by no later than **April 13, 2012**.

14    8.    A hearing on any motion to dismiss shall be set for **Thursday, May 3,**

15  **2012 at 1:30 p.m**.   Should the Defendant file an answer instead of a motion to

16  dismiss on March 2, 2012, the May 3 hearing date shall be vacated.

17

18  Dated: December 23, 2011          **KIESEL BOUCHER & LARSON LLP**

19

20                    By: /s/ *Paul R. Kiesel*
                    Paul R. Kiesel, Esq. (SBN 119854)

21                    kiesel@kbla.com

22                    8648 Wilshire Boulevard
                    Beverly Hills, CA 90211

23                    Telephone: (310) 854-4444

24                    Facsimile:  (310) 854-0812

25
                    **HORWITZ, HORWITZ &**

26                    **PARADIS, Attorneys at Law**
                    Paul O. Paradis, Esq.

27                    Gina M. Tufaro, Esq.
                    Mark A. Butler, Esq.

28

---

3

**STIPULATION REGARDING CERTAIN DEADLINES**

570 7th Avenue, 20th Floor
New York, NY 10018
Telephone: (212) 986.4500
Facsimile: (212) 986-4501

*Attorneys for Plaintiff*

**MORGAN, LEWIS & BOCKIUS LLP**

Dated: December 23, 2011

By: */s/ Thomas M. Peterson*
Thomas M. Peterson, State Bar No. 96011
tmpeterson@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Telephone: (415) 442-1000
Facsimile:  (415) 442-1001

OF COUNSEL:
J. Gordon Cooney, Jr. (*pro hac vice* application forthcoming)
jgcooney@morganlewis.com
Kristofor T. Henning (*pro hac vice* application forthcoming)
khenning@morganlewis.com
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5000
Facsimile: (215) 963-5001

Attorneys for Defendant
Hewlett-Packard Co.


**PURSUANT TO STIPULATION, IT IS SO ORDERED**


**DATED:** January 2, 2012

_____
HON. LUCY H. KOH
U.S.D.J.

---

4

**STIPULATION REGARDING CERTAIN DEADLINES**